IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Salim Shah, and Zahid Khan,<br>　　　Plaintiffs | ) ) ) | Civil Action<br>File No. 4:21-cv- |
| v. | ) ) | |
| Imperial Capital, Inc., and Naveed Iqbal,<br>　　　Defendants. | ) ) ) ) | Jury Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW PLAINTIFFS, Salim Shah and Zahid Khan (the "Plaintiffs"), and complain of Imperial Capital, Inc. and Naveed Iqbal (the "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiffs bring this civil action pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Each Plaintiff seeks unpaid overtime wages from the Defendants. Additionally, Plaintiff Salim Shah sues for the damages resulting from a personal injury he suffered while working for the Defendants.

2. The Defendants own and operate a Texaco branded gasoline station and convenience store doing business as "Texaco Food Mart Bammel" located at 12003 Bammel North Houston Road, Houston, Texas 77066 (the "Gas Station").

3. Each Plaintiff worked as a clerk at the Gas Station.

4. Each Plaintiff routinely worked in excess of 40 hours a week but did not receive any overtime wages required under the FLSA. *See* 29 U.S.C. § 207(a).

5. Further, Plaintiff Shah was severely injured as a result of an incident that occurred during his employment, and he seeks damages resulting from the personal injuries he suffered.

1

6. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to each Plaintiff. Mr. Shah also seeks damages resulting from his workplace injury.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

7. Each Plaintiff brings his claims to this Court pursuant to a federal statute, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* The Court thus has federal question jurisdiction pursuant to 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Texas state law claims pursuant to 28 U.S.C. §1367. The alleged state law claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

10. Plaintiff, **Salim Shah**, is a resident of Harris County, Texas. Mr. Shah was Defendants' "employee", as the term is defined under the FLSA.

11. Plaintiff, **Zahid Khan**, is a resident of Harris County, Texas. Mr. Khan was Defendants' "employee", as the term is defined under the FLSA.

12. Defendant, **Imperial Capital, Inc.**, is a Texas corporation that may be served with summons and complaint by serving Defendant Naveed Iqbal, its duly appointed registered agent, at 12003 Bammel North Houston Road, Houston, Texas 77066. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations / convenience stores, including the Gas Station. The Court thus has personal jurisdiction over this Defendant.

13. Defendant, **Naveed Iqbal,** is an individual who may be served with summons and complaint at his place of business at 12003 Bammel North Houston Road, Houston, Texas 77066, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to such employer's employees, including the Plaintiffs. Further, this Defendant resides, and is engaged in business, in the State of Texas. The Court thus has personal jurisdiction over this Defendant.

14. In those instances where this complaint alleges the Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

15. Each Plaintiff alleges and invokes a willful violation of the FLSA, and the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this civil action, and continuing thereafter until time of trial and judgment.

16. During the relevant period, Defendant Imperial Capital, Inc. was an "employer" under the FLSA (29 U.S.C. § 203(d)), and in particular, Defendant was each Plaintiff's employer.

17. During the relevant period, Defendant Naveed Iqbal was an "employer" under the FLSA (29 U.S.C. § 203(d)), and in particular, Defendant was each Plaintiff's employer.

18. During the relevant period, each Plaintiff was an "employee" under the FLSA (29 U.S.C. § 203(e)), and in particular, each was an employee of each Defendant named herein.

19. During the relevant period, Defendants were collectively an "enterprise" under the FLSA (29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A)); and an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

20. During the relevant period, Defendants were an enterprise engaged in commerce because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21. Furthermore, for each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

22. During the relevant period, each Plaintiff was an individual employee engaged in commerce. 29 U.S.C. § 207.

## V.
### FACTS

*Plaintiff Salim Shah's employment with the Defendants*

23. Defendants employed Mr. Shah as a store clerk at the Gas Station from February 1, 2019, until November 10, 2020.

24. Mr. Shah routinely worked 60 or more hours on a weekly basis at the Gas Station.

25. Mr. Shah performed duties typically performed by a gas station clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning the premises.

26. The Defendants owned, controlled and operated the Gas Station, and the individual Defendant, Naveed Iqbal, possessed authority to make all decisions pertaining to the operation of the Gas Station.

27. Defendants controlled Mr. Shah's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages); Mr. Shah's hourly pay rate of $11.00 per hour; the number of hours Mr. Shah worked during each workweek; and, the decision to pay Mr. Shah's weekly wages with cash.

28. Even though the Defendants were aware of their legal obligation to pay Mr. Shah's overtime wages under the FLSA at time-and-one-half, they failed to do so. Instead, Defendants willfully violated the statute by devising and implementing a scheme to usurp their legal obligation to pay overtime wages under the FLSA.

29. On the last day of his employment at the Gas Station, Mr. Shah was working alone when at around 6:30 a.m., he fell and fractured his hip. The injury caused tremendous pain, and it took Mr. Shah approximately 20 minutes to get off the floor. Mr. Shah immediately called the store manager (Safdar, last name unknown) seeking help, but his plea for help was ignored. Then, at around 10:00 a.m., Mr. Shah called one of the owners (Shoab, last name unknown) and informed Mr. Shoab that he was in tremendous pain from the injury that Plaintiff had suffered at around 6:30 a.m. Again, no help arrived. At around 11:00 a.m., while reaching up behind him for a pack of cigarettes, Mr. Shah attempted to turn around, which resulted in his legs giving out from under him due to the pain from his fractured hip, and he fell down again. Mr. Shah experienced excruciating pain, and it took approximately 10 minutes for him to get off the floor. At noon, when Mr. Shah's shift ended, his co-worker / replacement arrived at the Gas Station. Mr. Shah's friend, Mohammad Riaz, arrived at the Gas Station at 11:00 a.m., but waited until noon to take Mr. Shah away because Plaintiff was ordered to not leave the Gas Station unattended. Each time Mr. Shah moved or took a step forward, he experienced debilitating pain, and it took him approximately 45 minutes to get to the front door of the Gas Station, and another 30-45 minutes to get into Mr. Riaz's car.  Mr. Riaz admitted Mr. Shah into a hotel for a week. Thereafter, Mr. Shah contacted a friend, Mr. Mohammed Salim, and received help from him. Two weeks after his injury, Mr. Riaz took Mr. Shah to the Peachtree Clinic on Veterans Memorial Drive for medical treatment, where Mr. Shah's X-Ray indicated a 1.2 cm fracture in his hip.  Throughout the course of his traumatic injury, Mr. Shah's employer offered no assistance and showed no concern for Mr. Shah's well-being.

30. After his injury, Mr. Shah was unable to work and was unemployed.

*Plaintiff Zahid Khan's employment with the Defendants*

31. Defendants employed Mr. Khan as a store clerk at the Gas Station from April 23, 2020, until January 23, 2021.

32. Mr. Khan routinely worked 80 or more hours on a weekly basis at the Gas Station.

33. Mr. Khan performed duties typically performed by a gas station clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning the premises.

34. Defendants controlled Mr. Khan's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages); Mr. Khan's hourly pay rate of $12.00 per hour; the number of hours Mr. Khan worked during each workweek; and, the decision to pay Mr. Khan's weekly wages with cash.

35. Even though the Defendants were aware of their legal obligation to pay Mr. Khan's overtime wages under the FLSA at time-and-one-half, they failed to do so. Instead, Defendants willfully violated the statute by devising and implementing a scheme to usurp their legal obligation to pay overtime wages under the FLSA.

## VI.
### CAUSES OF ACTION AND DAMAGES SOUGHT

*Violation of the FLSA – Failure to pay overtime wages (both Plaintiffs)*

36. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

37. Defendants violated the FLSA by failing to pay each Plaintiff the proper time-and-a-half hourly rate for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207.

38. During the relevant period, each Plaintiff was a non-exempt employee – that is, each Plaintiff was entitled to receive overtime wages under the FLSA for all hours worked in excess of 40 during each seven-day workweek.

39. During their employment with the Defendants, Plaintiffs worked overtime hours on a weekly basis at the request of their employer.

40. Despite Defendants' awareness of the overtime pay requirements imposed upon them by the FLSA, Defendants informed Messrs. Shah and Khan that neither would receive overtime wages for hours worked in excess of 40 on a weekly basis.

41. Messrs. Shah and Khan in fact received no overtime wages for the overtime hours they worked each week at the Gas Station.

42. Defendants' knowing, repeated and consistent failure to pay overtime wages to the Plaintiffs on a weekly basis amounts to a willful pattern and practice of illegal and prohibited conduct under the FLSA.

43. Each Plaintiff thus sues the Defendants for his unpaid overtime wages.

44. Further, each Plaintiff seeks an award of liquidated damages in an amount equal to his respective amount of unpaid overtime wages.

45. Further, pursuant to the FLSA, each Plaintiff seeks attorney's fees and costs incurred in prosecuting this civil action. 29 U.S.C. §216(b) states, in part, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

46. Lastly, each Plaintiff seeks post-judgment interest at the highest rate allowed by law, assessed on all damages, including attorney's fees and costs.

### *Negligence by a non-subscriber employer (Plaintiff Salim Shah)*

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. The Gas Station (and the Defendants) are non-subscribers. At the time of Mr. Shah's workplace injury, the Defendants did not have Texas workers' compensation insurance, and were thus non-subscribers. This fact is significant because it leads to the unavailability of numerous defenses normally available to a defendant facing a negligence suit, including the defenses of a) contributory negligence, b) assumption of the risk, c) pre-injury waiver of liability and d) the fellow servant doctrine.

49. Each Defendant was negligent and grossly negligent by virtue of certain acts and/or omissions, including, but not limited to:

   a. failing to provide a reasonably safe workplace;

   b. failing to provide reasonable and competent supervision;

   c. failing to hire adequate staff;

   d. failing to provide sufficient training to employees; and,

   e. other acts and omissions to be proven at trial.

50. Each Defendant owed Plaintiff Shah a legal duty. Each Defendant breached such legal duty, which breach was a producing and proximate cause of Mr. Shah's severe physical injury and damages.

51. Each of the above listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence. Defendants' acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of harm to Defendants' employee, Mr. Shah.

52. Mr. Shah thus seeks all damages resulting from each Defendant's negligence and gross negligence, including exemplary damages / punitive damages.

### *Gross Negligence & Unconscionable Conduct – Punitive Damages*
### *(Plaintiff Salim Shah)*

53. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

54. Defendants conduct amounts to gross negligence. Specifically, Defendants acted in such a willful manner and with such disregard to Plaintiff Shah's rights so as to allow for the imposition of punitive damages. Defendants have specifically intended conduct that has caused substantial injury to Mr. Shah, and Defendants have acted in flagrant disregard for the rights, welfare, safely of others, and with actual awareness. Further, Defendants' actions and inactions constitute intentional, knowing, and willful misconduct. Therefore, Mr. Shah is entitled, and seeks, to recover exemplary damages from the Defendants in an amount determined by the jury to be appropriate and fitting under the circumstances.

55. Plaintiff Shah seeks all damages resulting from each Defendant's negligence and gross negligence, including exemplary / punitive damages.

## VII.
## JURY DEMAND

56. Plaintiffs demand a jury trial.

## VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiffs Salim Shah and Zahid Khan respectfully request that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants Imperial Capital, Inc. and Naveed Iqbal, as follows:

    a.    Declare each Defendant violated 29 U.S.C. § 207 by failing to pay each Plaintiff's overtime wages;

b. Declare each Defendant's violations of the FLSA are willful;

c. Order each Defendant to pay Mr. Shah's unpaid overtime wages and liquidated damages;

d. Order each Defendant to pay Mr. Khan's unpaid overtime wages and liquidated damages;

e. Order each Defendant to pay all damages resulting from their negligence and gross negligence, including actual damages and exemplary / punitive damages;

f. Order each Defendant to pay Plaintiffs' reasonable attorney's fees and all costs of litigation pursuant to 29 U.S.C. § 216(b); and,

g. Order each Defendant to pay pre- and post-judgment interest accessed at the highest lawful rate on all awarded amounts, including attorney fees and litigation costs.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:  /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiffs**
**Salim Shah and Zahid Khan**